In the Matter of the Claim of IRVING SMITH, Respondent, against KOSTERS BAKERY, INC., Employer, and GREAT AMERICAN INDEMNITY COMPANY, Insurance Carrier, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 13, 1936.

*Jeremiah F. Connor,* for the appellants.

*John J. Bennett, Jr., Attorney-General,* by *Joseph A. McLaughlin, Assistant Attorney-General in Charge* [*Hector A. Robichon, Assistant Attorney-General,* of counsel], for the respondents.

RHODES, J. Claimant was employed as a baker's helper, and on August 10, 1934, while emptying flour into a conveyor, dropped a knife into the machine while the conveyor was in motion, and as he sought to retrieve the knife his left hand was injured, resulting in ninety-five per cent permanent loss of use thereof, for which he has been awarded compensation for a term of 231 4/5 weeks, totaling $4,636.

The Board found that "The claimant earned the sum of $15.00 per week. At the time he sustained the accidental injuries aforesaid, claimant was a minor twenty years of age. His average weekly wage, taking into consideration the fact that under normal conditions his wages would be expected to increase, is determined at $35.00."

The objection of the appellants here is that the wage rate is improper.

Subdivision 5 of section 14 of the Workmen's Compensation Law directs that: "If it be established that the injured employee was a minor when injured, and that under normal conditions his wages would be expected to increase, the fact may be considered in arriving at his average weekly wages."

Claimant would have been twenty-one years of age in November following the accident.

On behalf of the employer it was testified that in claimant's particular job there would have been no increase in wages, and no opportunity for him to be promoted to the position of baker for the reason that only union men were employed as bakers, and that the union not only had an unemployed list of about 3,000 men, but had not been taking on any new men for years.

The claimant testified to a belief that there was a chance for promotion to become a baker because "one of the bakers left a little while ago, and I think I might have been able to get into the union."

It appears that bakers received thirty-five dollars per week.

To support the award at the rate fixed, we are required not only to ignore the facts but to depart from reality and enter the realm of make-believe. This is easily demonstrated: the award proceeds on the assumption that had there been no accident, claimant's wages, which on August 10, 1934, were fifteen dollars per week, would have increased on the following day to thirty-five dollars

per week, and would thereafter have continued at the increased rate. No such inference is reasonable or permissible. The statute permits the inference of enlarged future earnings only if it be established " that under *normal conditions* his wages would be expected to increase." Even if it be assumed that at some time during the ensuing period covered by the award, his earnings would have increased, manifestly, such increase would not have occurred until after the lapse of a considerable period of time. The award is, therefore, based upon a wage rate which is fictitious and too high.

The award should be reversed and matter remitted to the State Industrial Board, with costs to the appellants against the State Industrial Board.

McNAMEE and CRAPSER, JJ., concur; HILL, P. J., and BLISS, J., dissent.

Award reversed and matter remitted to the State Industrial Board.